IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-18-187 |
| | * | |
| COREY BARNES | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending is Corey Barnes's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 146). Barnes seeks relief on the basis that he suffers from asthma and that this condition increases his risk of severe illness from COVID-19.

The court is not persuaded that Barnes's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Barnes does not include with his motion medical records that would support his contention that he suffers from asthma and he does not indicate the severity of his alleged condition. But even assuming that Barnes could provide such documentation, the court does not find it constitutes an extraordinary and compelling reason for Barnes's release. Barnes is relatively young (32 years old), and while the court does not doubt that Barnes's asthma impacts his life, the CDC's data collection shows that while moderate-to-severe asthma "can make you more likely to get severely ill from COVID-19," *see COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021), the scientific evidence supporting that conclusion is, at this time, "mixed, *see COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Absent evidence of other underlying conditions that make Barnes particularly vulnerable to COVID-19, the court does not believe Barnes's asthma alone is grounds for compassionate release. *See United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's "self-reported asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief"); *United States v. Wiggins*, No. CR ELH-13-512, 2020 WL 4436373, at *6 (D. Md. Aug. 3, 2020) (declining to find defendant's mild asthma during the COVID-19 pandemic was an extraordinary and compelling reason for compassionate release).[2]

Accordingly, Barnes's motion for compassionate release (ECF 146) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __20th__ day of August, 2021.

                                                     ___/S/_____
                                                   Catherine C. Blake
                                                   United States District Judge

---

[2] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.